JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

OCT 10 91

PATRICIA D. HOWARD
CLERK OF THE PANEL

## DOCKET NO. 897

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE INTEGRATED RESOURCES, INC., REAL ESTATE LIMITED PARTNERSHIPS SECURITIES LITIGATION

## BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK, LOUIS H. POLLAK, HALBERT O. WOODWARD, ROBERT R. MERHIGE, JR.,* AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL

## TRANSFER ORDER

This litigation presently consists of eleven actions pending in three federal districts as follows: eight actions in the Southern District of New York, two actions in the Southern District of Ohio, and one action in the District of Arizona.[1] Before the Panel is a motion, pursuant to 28 U.S.C. §1407, by 24 defendants in the various actions for centralization of this litigation in the Southern District of New York for coordinated or consolidated pretrial proceedings. Seven more defendants support the motion. Opposed to transfer are: 1) plaintiffs in ten of the eleven actions, and 2) three additional defendants named in certain of the actions.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact, and that transfer under Section 1407 to the Southern District of New York will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These common factual questions arise

---

*Judge Merhige took no part in the decision of this matter.

[1] The original motion before the Panel included two actions in the Central District of California. One of those actions has since been dismissed, and the other was dismissed, reinstated and transferred to the Southern District of New York under 28 U.S.C. §1404. A correction to the motion added another Southern District of New York action whose civil action number was included in the original schedule accompanying the motion, but whose caption was omitted. An amended motion was filed on June 28, 1991, adding an action pending in the Northern District of Georgia. That action also has since been dismissed. Finally, movants have notified the Panel of the pendency of one action in the Southern District of New York which they identify as related to the MDL-897 actions, *F.A. White, Jr., et al. v. Hunter Publishing Limited Partnership, et al.*, C.A. No. 91 Civ. 3232 (LLS). Given the Panel's decision to order centralization in the Southern District of New York, the determination as to whether this action should be included in the MDL-897 pretrial proceedings is left to the transferee court. *See* Rule 13(a), R.P.J.P.M.L., 120 F.R.D. 251, 258 (1988).

because each of the actions before the Panel focuses on the adequacy of disclosures in connection with limited partnership offerings sponsored and controlled by Integrated Resources, Inc. (Integrated) and its affiliates. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Southern District of New York is the appropriate transferee district for this litigation. Integrated and its affiliates are headquartered in New York City, and Integrated's bankruptcy proceedings are pending there. Many relevant witnesses and documents may therefore be expected to be found there. We also note that the first-filed, most advanced and greatest number of actions are pending in the New York forum.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions on the attached Schedule A and pending in districts other than the Southern District of New York be, and the same hereby are, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Robert W. Sweet for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

*FOR THE PANEL:*

*John F. Nangle*
*Chairman*

## *Schedule A*

## *MDL-897 -- In re Integrated Resources Real Estate Limited Partnerships Securities Litigation*

### District of Arizona

James F. Byrne, etc. v. Research Triangle Associates Limited Partnerships, et al., C.A. No. 91-0040-PHX-RCB

### Southern District of Ohio

Seong Koo Cho, M.D., et al. v. Clovine Associates Limited Partnership, et al., C.A. No. C-1-91-174

James E. Standefer, et al. v. Clovine Associates Limited Partnership, et al., C.A. No. C-1-91-235

### Southern District of New York

Sheldon Rabin, etc. v. Fivzar Associates, et al., C.A. No. 90-Civ-4869

Irwin & Rhonda Gorman, et al. v. Sevzar Associates, et al., C.A. No. 90-Civ-6769

Jules Martin, et al. v. EVP Second Corp., et al., C.A. No. 90-Civ-7074

Jack D. Coleman, et al. v. EVP Fourth Corp., et al., C.A. No. 91-Civ-0678

Donald Baird, et al. v. EVP Fourth Corp., et al., C.A. No. 91-Civ-1063

Greene's Ready Mixed Concrete Co., et al. v. Fillmore Pacific Associates Limited Partnership, et al., C.A. No. 91-Civ-0978

Jimmie G. Reagan, et al. v. 600 Grant Street Associates Partnership, et al., C.A. No. 91-CV-5498

Enviro Corporation, f/k/a Electron-Microscopy Service Laboratories, Inc. v. Fillmore Pacific Associates Limited Partnerships, et al., C.A. No. 91-Civ-1625

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JUN - 3 1992

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 897

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE INTEGRATED RESOURCES LIMITED PARTNERSHIPS SECURITIES LITIGATION

*Kinley Corporation, et al. v. Intergrated Resources Equity Corp. et al.*, N.D. Texas, C.A. No. 3-91CV-2793-D

BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK,* LOUIS H. POLLAK, HALBERT O. WOODWARD,* ROBERT R. MERHIGE, JR., AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL

## TRANSFER ORDER

Presently before the Panel is a motion, pursuant to Rule 12, R.P.J.P.M.L., 120 F.R.D. 251, 258 (1988), by plaintiffs in the above-captioned action (*Kinley*) seeking to vacate the Panel's order conditionally transferring *Kinley* to the Southern District of New York for inclusion in the centralized pretrial proceedings occurring there in this docket before the Honorable Robert W. Sweet. Seven of the twelve *Kinley* defendants oppose the motion to vacate and support transfer.

On the basis of the papers filed and the hearing held, the Panel finds that *Kinley* involves common questions of fact with actions in this litigation previously transferred to the Southern District of New York, and that transfer of *Kinley* to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel further finds that transfer of *Kinley* is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket, wherein the Panel concluded that the Southern District of New York was the proper Section 1407 forum for actions involving the adequacy of disclosures in connection with limited partnership offerings sponsored and controlled by Integrated Resources, Inc., and its affiliates. *See In Re Integrated Resources Limited Partnerships Securities Litigation*, MDL-897 (J.P.M.L. October 10, 1991).

---

*Judges Pollack and Woodward took no part in the decision of this matter.

- 2 -

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled *Kinley Corporation, et al. v. Integrated Resources Equity Corp., et al.*, N.D. Texas, C.A. No. 3-91CV-2793-D, be, and the same hereby is, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Robert W. Sweet for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

FOR THE PANEL:

_____
John F. Nangle
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

OCT - 8 1992

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 897

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE INTEGRATED RESOURCES LIMITED PARTNERSHIPS SECURITIES LITIGATION

*Industrial Indemnity Co. v. Richard A. Patterson*, E.D. Virginia, C.A. No. 92-412-A

BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK,* LOUIS H. POLLAK,* ROBERT R. MERHIGE, JR., AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL

ORDER VACATING CONDITIONAL TRANSFER ORDER

Presently before the Panel is a motion, pursuant to Rule 12, R.P.J.P.M.L., 120 F.R.D. 251, 258 (1988), by plaintiff in the above-captioned action (*Patterson*) seeking to vacate the Panel's order conditionally transferring *Patterson* to the Southern District of New York for inclusion in the centralized pretrial proceedings occurring there in this docket before the Honorable Robert W. Sweet. Originally, defendant in *Patterson* and 21 of 23 third-party defendants opposed the motion to vacate and supported transfer. Subsequently, 1) the third-party complaint was dismissed, thereby mooting the question of transfer with respect to the third-party defendants; 2) defendant withdrew his support of transfer of *Patterson*; and 3) counsel for plaintiff notified the Panel that what remained of the action had settled.

On the basis of the papers filed,[1] the Panel finds that transfer of *Patterson* to the Southern District of New York, in light of the above-mentioned changes in the posture of the action, would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation.

---

*Judges Pollack and Pollak took no part in the decision of this matter.

[1] The parties waived oral argument and, accordingly, the question of transfer of this action under Section 1407 was submitted on the briefs. Rule 17, R.P.J.P.M.L., 120 F.R.D. 251, 262 (1988).

- 2 -

IT IS THEREFORE ORDERED that the conditional transfer order entered by the Panel on June 12, 1992, with respect to the action entitled *Industrial Indemnity Co. v. Richard A. A. Patterson*, E.D. Virginia, C.A. No. 92-412-A, be, and the same hereby is, VACATED.

FOR THE PANEL:

/s/ John F. Nangle
John F. Nangle
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

JAN 25 95

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 897

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE INTEGRATED RESOURCES, INC., REAL ESTATE LIMITED PARTNERSHIP SECURITIES LITIGATION*

*Joseph LePage v. Omni Partnership Services, Inc., et al.*, C.D. California, C.A. No. 8:94-760

*BEFORE JOHN F. NANGLE, CHAIRMAN, ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS AND LOUIS C. BECHTLE, JUDGES OF THE PANEL*

## TRANSFER ORDER

Before the Panel is a motion, pursuant to 28 U.S.C. §1407, brought by defendant Marine Midland Bank in the above-captioned action (*LePage*) to transfer *LePage* to the Southern District of New York for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Robert W. Sweet. No party to *LePage* has responded in opposition to the motion, but plaintiffs in an action previously transferred as a tag-along in this docket have filed an opposition to transfer of *LePage*.[1]

On the basis of the papers filed,[2] the Panel finds that *LePage* involves common questions of fact with the actions in this litigation previously transferred to the Southern District of New York, and that transfer of *LePage* to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel is persuaded that transfer of *LePage* is appropriate for reasons expressed by the Panel in its original order directing

---

[1] These same plaintiffs also use their response to request remand of their action, *Kinley Corporation, et al. v. Integrated Resources Equity Corp., et al.*, S.D. New York, C.A. No. 92:4455 (N.D. Texas, C.A. No. 3-91CV-2793-D), from the Southern District of New York to the Northern District of Texas. We need not address this request because it has not been made in compliance with the Panel's Rules. *See, e.g.*, Rule 14 (c) and (d), R.P.J.P.M.L., 147 F.R.D. 589, 597-98 (1993). For these plaintiffs' future benefit, however, we note that in the absence of a suggestion of remand from the transferee judge, any party seeking remand of an action has a heavy burden of persuasion. *See In re Holiday Magic Securities and Antitrust Litigation*, 433 F.Supp. 1125, 1126 (J.P.M.L. 1977).

[2] The parties waived oral argument and, accordingly, the question of Section 1407 transfer of *LePage* was submitted on the briefs. Rule 17, R.P.J.P.M.L., *supra*, 147 F.R.D. at 600-01.

centralization in this docket, wherein the Panel held that the Southern District of New York was the appropriate forum for actions involving allegations concerning the adequacy of disclosures in connection with limited partnership offerings sponsored by Integrated Resources, Inc., and its affiliates. *See In Re Integrated Resources, Inc., Real Estate Limited Partnerships Securities Litigation*, MDL-897 (J.P.M.L. Oct. 10, 1991).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action entitled *Joseph LePage v. Omni Partnership Services, Inc., et al.*, C.D. California, C.A. No. 8:94-760, be, and the same hereby is, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Robert W. Sweet for inclusion in the coordinated or consolidated pretrial proceedings occurring there.

FOR THE PANEL:

*John F. Nangle*
Chairman

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

FEB -8 96

PATRICIA D. HOWARD
CLERK OF THE PANEL

## DOCKET NO. 897

### BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE INTEGRATED RESOURCES, INC., REAL ESTATE LIMITED PARTNERSHIP SECURITIES LITIGATION

*Hector De Leon, et al. v. Beigel & Sandler, Ltd., et al.*, W.D. Texas, C.A. No. 5:95-524

**BEFORE JOHN F. NANGLE, CHAIRMAN, ROBERT R. MERHIGE, JR., WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS AND LOUIS C. BECHTLE, JUDGES OF THE PANEL**

### ORDER DENYING TRANSFER

Before the Panel is a motion, pursuant to 28 U.S.C. §1407, brought by defendants in the above-captioned action (*De Leon*) to transfer *De Leon* to the Southern District of New York for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Robert W. Sweet. Plaintiffs in *De Leon* oppose transfer.

On the basis of the papers filed and the hearing held, the Panel finds that Section 1407 transfer of *De Leon* to the Southern District of New York would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation. We are not persuaded that *De Leon*, arising out of the relationship between plaintiffs and their MDL-897 counsel, shares sufficient questions with the nearly completed litigation in the transferee district to warrant inclusion of *De Leon* in the MDL-897 Section 1407 proceedings.

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. §1407, for transfer to the Southern District of New York of the action entitled *Hector De Leon, et al. v. Beigel & Sandler, Ltd., et al.*, W.D. Texas, C.A. No. 5:95-524, be, and the same hereby is, DENIED.

FOR THE PANEL:

John F. Nangle
Chairman